IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy R. Farkas, | : | |
| Plaintiff | : | Civil Action 2:14-cv-01507 |
| v. | : | Judge Smith |
| John Kasich, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Timothy R. Farkas brings this civil action alleging that defendants caused him injuries arising out of an altercation in a bar.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the State of Ohio is immune from suit, the Gahanna Police Department is not an entity capable of being sued, the complaint fails to state a claim for relief against defendants Kevin Mantel, Raymond J. Mularski, and John Hickel, Mantel and Mularski are entitled to prosecutorial immunity for the actions as prosecutors, and the court lacks subject matter jurisdiction over any state law claims asserted against defendant John Hickel. Accordingly, the Magistrate Judge recommends dismissal of the complaint.

The complaint alleges that on November 21, 2012 plaintiff Timothy R. Farkas was

assaulted by defendant John Hickel. The Gahanna police investigated and decided not to charge Hickel. They removed Farkas from the bar. Apparently, criminal charges were filed against Farkas.

The defendants named in the complaint are The State of Ohio, The City of Gahanna Police Department, Kevin Mantel, Raymond J. Mularski, and John Hickel.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim show-ing that the pleader is entitled to relief." Specific facts showing that the plead-er is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Analysis</u>.  The State of Ohio is immune under the Eleventh Amendment from suits against it. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio*

2

*Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993).

The City of Gahanna Police Department is not an entity capable of being sued. "Police departments are not sui juris; they are merely sub-units of the municipalities they serve." *Jones v. Pt. D. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002). A police department lacks the capacity to sue or be sued. *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, (S.D. Ohio 1987).

Defendants Kevin Mantel and Raymond J. Mularski are alleged to be prosecuting attorneys. The complaint does not allege what actionable conduct they engaged in. It fails to give them fair notice of what the allegedly did to deprive plaintiff of a right arising under the constitution and laws of the United States. Further, acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

Defendant John Hickel is alleged to have assaulted Farkas. However, to state a claim under 42 U.S.C. § 1993 the complaint must allege that the defendant was acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There is no allegation here that defendant Hickel was acting under color of state law. Further, there is no allegation that the court would have jurisdiction under diversity of citizenship. 28 U.S.C. § 1332.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISS-

ED because the State of Ohio is immune from suit, The Gahanna Police Department is not an entity capable of being sued, the complaint fails to state a claim for relief against defendants Kevin Mantel and Raymond J. Mularski and, alternatively, they are immune from suit for their acts as prosecutors, it fails to state a claim under 42 U.S.C. §1983 against defendant John Hickel, and, alternatively, the court lacks subject matter jurisdiction over the claim(s) asserted against him.  Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge
