IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy R. Farkas, | : | |
| Plaintiff | : | Civil Action 2:14-cv-01507 |
| v. | : | Judge Smith |
| John Kasich, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

The October 3, 2014 Initial Screening Report and Recommendation failed to address plaintiff Timothy R. Farkas's allegations concerning defendants Lisa K. Whitlock and Scott Lengle.

The complaint alleges that on November 21, 2012 plaintiff Timothy R. Farkas was assaulted by defendant John Hickel. The Gahanna police investigated and decided not to charge Hickel. They removed Farkas from the bar. Apparently, criminal charges were filed against Farkas. Defendants Lisa K. Whitlock and Scott Lengle provided witness statements to the police.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for

notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1993 the complaint must allege that the defendant was acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There are no allegations that defendants Lisa K. Whitlock and Scott Lengle were acting under color of state law. Further, there is no allegation that the court would have jurisdiction under diversity of citizenship. 28 U.S.C. § 1332.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim against defendants Lisa K. Whitlock and Scott Lengle. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

The Clerk of Court is DIRECTED to mail a copy of this Report and Recommendation to each defendant.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                s/Mark R. Abel
                                                United States Magistrate Judge